```
                UNITED STATES DISTRICT COURT

                EASTERN DISTRICT OF LOUISIANA

ADVOCACY CENTER FOR THE ELDERLY            CIVIL ACTION
AND DISABLED, ET AL.


VERSUS                                     NO. 10-1088


LOUISIANA DEPARTMENT OF HEALTH             SECTION R
AND HOSPITALS, ET AL.
```

### ORDER

On May 5, 2010, the Court, in response to several phone calls from plaintiffs' counsel posing procedural questions about the filing of a preliminary injunction, ordered a status conference to establish a briefing schedule and address all procedural questions at once. At this conference, held on May 6, the Court set a briefing schedule with the involvement and consent of both parties. In addition, before finalizing any dates, the Court inquired into the extent of discovery that the parties would seek in preparation for the preliminary-injunction hearing. The parties indicated that little if any discovery would be necessary. Counsel for defendants indicated that it had certain defenses it intended to present. Based on the parties' statements at the conference, the Court scheduled the preliminary-injunction hearing for June 22, 2010, and set a briefing schedule for both plaintiffs' preliminary injunction and defendants' motion to dismiss. No discussion of the merits of the case occurred at the conference, and no decisions were made

on any substantive issue. Indeed, the entire purpose of the conference was to ensure that all parties were present before a briefing schedule for the preliminary injunction was set.

At the conference, plaintiffs' counsel raised an issue regarding a list of patients awaiting transfer to the Feliciana Forensic Facility. She indicated that plaintiffs had in their possession a redacted copy of the list and had tried to obtain an unredacted copy. Defendants' counsel expressed concern about the exchange of the list. The Court, in an effort to have the parties reach an amicable solution to the issue on an expeditious basis, instructed them to draft a consent protective order under which the document could be produced. The Court did not order production of the list at this time, as it had not heard defendants' arguments opposing production and indeed had not seen the document itself.

The parties could not agree on a consent protective order as defendants objected to the production of the document under any circumstances. Plaintiffs therefore unilaterally submitted a proposed protective order that instructed defendants to produce an unredacted copy of the list. After learning that defendants objected to production of the list, the Court ordered that defendants, on an expedited basis, outline their objections to production. The Court also ordered the defendants to submit an unredacted copy of the list for *in camera* review.

The Court has now reviewed these objections, which predominantly go to standing, statutory authority, and other arguments that implicate the substantive merits of the case. The Court has also reviewed the document in question. It consists largely of a list of the names of the patients awaiting transfer, the length of time they have been on the list, and information about the patient's state-court proceedings, such as the charges and the presiding judge. The document does not contain any specific information about the mental health or treatment of any of the patients on the list.

The list appears to be relevant to the allegations in the complaint, which bring a constitutional challenge to the confinement of certain state-court criminal defendants who have been found incompetent to stand trial but are awaiting transfer to a mental-health facility, as well as a challenge to Louisiana statutes that govern such confinement. Furthermore, as the document is relevant and not privileged, it is within the scope of discovery. The production of a single seventeen-page document will also in no way prove burdensome to defendants. In response to defendants' generalized concerns about the privacy of the patients on the list, the Court again notes that the list contains no specific medical or mental-health information, and any remaining privacy concerns may be addressed by an appropriately crafted protective order.

The Court in its discretion therefore ORDERS the parties to confer on a consent protective order governing access to and use of the document in question and to file such order with the Court by **5:00 p.m.** on **Friday, May 28, 2010**. The Court further ORDERS defendants to produce a unredacted, complete, and up-to-date copy of the list to plaintiffs by this same time. If the parties cannot agree on an appropriate protective order, they are each to submit a proposed protective order to the Court by this same time. The Court will in that case review the proposals and will itself draft an appropriate protective order.

This Order in no way adjudicates or expresses any view on the merits of plaintiffs' case or the merits of the dismissal arguments in the memorandum filed by defendants' counsel. Defendants' arguments are fully preserved and will be ruled upon by the Court after a full briefing according to the schedule set forth at the status conference. If any party is dissatisfied with the schedule, it may move to alter it by written motion with good cause shown. All future telephone communications with the Court shall be for the purposes of procedural clarifications only, as they have been thus far.

New Orleans, Louisiana, this ___21st___ day of May, 2010.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE